CHARLES ROSENTHAL, APPELLANT *v.* JACOB H. DESSAU, RESPONDENT.

*Supplemental complaint — when allowed.*

In this action, brought to enforce an alleged stoppage *in transitu*, the defendant, the consignee, set up in his answer that he had received the goods into his possession, and had sold them and assigned the bill of lading to one Parker and received the price thereof. Plaintiff applied for leave to file a supplemental complaint, alleging that defendant had procured possession of the goods by fraud, and being insolvent, had conspired to defraud the plaintiff by a fictitious sale of the goods, and that there was no consideration for such sale. *Held,* that the application should have been granted.

Although the right of stoppage *in transitu* may be defeated by a sale to a third person and an indorsement of the bill of lading in good faith, for a valuable consideration, yet an apparent sale, fraudulently made without consideration, for the purpose of defeating the right, will not have that effect.

APPEAL from an order of the Special Term, denying a motion for leave to file a supplemental complaint, and to amend the summons by bringing in new parties defendant.

*Frederic R. Coudert,* for the appellant.

*Runkle & Inglehart,* for the respondent.

DAVIS, P. J. :

The motion was denied below on two grounds : First, that the supposed supplemental complaint set up a new. substantial cause of action ; and, second, that the supposed supplemental complaint is not consistent with and in aid of the case made by the original complaint. The action was brought to enforce an alleged stoppage *in transitu*, of goods shipped by the plaintiff, from Havre, France, by steamer, to the defendant at New York. The action depended altogether upon the question whether the right of stoppage was exercised before the *transitus* ended, or the right had been terminated by a valid sale of the property.

The defendant, by answer, set up that he had received the merchandise into his possession, and also the bill of lading, and sold the same to one Parker, and received the purchase-price thereof, and at the same time transferred the bill of lading to said Parker.

The proposed supplemental complaint alleges, in substance, that before the merchandise mentioned in the original complaint had gone into the possession of the defendant, and while he was insolvent, he colluded and conspired with said Parker and one Backer, to defraud the plaintiff out of said merchandise, by a pretended and fictitious sale to the defendant Parker, for which he received no consideration from said Parker ; and that said merchandise, in furtherance of the collusion and conspiracy, was disposed of by said Parker, and the proceeds received by Backer, with the knowledge and consent of the defendant Dessau and Parker, and by him appropriated to his own use, in payment and satisfaction of an alleged indebtedness of the defendant Dessau to Backer ; and that these acts were done by the several parties thereto with full knowledge of the insolvency of Dessau and of the non-payment by him for the said merchandise, and of the fact that said merchandise had been stopped *in transitu* by the plaintiff, and for the purpose of defrauding the plaintiff and obtaining unlawful possession of the property.

The right of stoppage *in transitu* may be defeated by a sale to a third person and an indorsement of the bill of lading, in good faith, and for a valuable consideration (*Lickbarrow* v. *Mason*, 2 East, 63) ; but it will not be defeated by an apparent sale, fraudulently made, without consideration, for the purpose of defeating the right of stoppage. There must be a purchaser for value, without fraud, to

defeat such right. (*Harris* v. *Pratt*, 17 N. Y., 249.) If the plaintiff has, as he alleges, exercised his right of stoppage before the termination of the *transitus* and before any *bona fide* sale for value, his right cannot, of course, be defeated by a fraudulent combination for that purpose, which he now seeks to set up against the defendant Dessau and the persons sought to be brought in as additional defendants. And we see no reason why he may not, for the purpose of maintaining this cause of action, set up in the original complaint, assert all the facts set forth in the proposed supplemental complaint, against all the persons who will be parties to the action when such supplemental complaint has been duly allowed and filed and process properly served. The allegations of the supplemental complaint are very clearly, we think, in aid of the case made by the original complaint for the purpose of overthrowing obstacles interposed by the parties, for the alleged fraudulent purpose of preventing the plaintiff from asserting the right of stoppage. If the plaintiff can succeed he has the right to be in a position to reach either the goods *in specie*, or the proceeds thereof, in the hands of parties who have received them in fraud of his rights.

We do not agree, therefore, with the learned judge below, that the supplemental complaint sets up a new substantive cause of action, or that it is not consistent with, or in aid of, the case made by the original complaint. While there are facts alleged which might, in and of themselves, be a substantive cause of action, they are, nevertheless, in this case, asserted solely for the purpose of aiding the plaintiff to accomplish a complete enforcement of the rights and remedies asserted by his original complaint. We think, therefore, the supplemental complaint ought to have been allowed. The objection that it was not made with proper expedition was not considered in the court below, and we are not disposed to regard it as a fatal objection.

The order should be reversed, with ten dollars costs, besides disbursements, and an order entered granting the motion below on payment of ten dollars costs of opposing same, and fifteen dollars to defendant Dessau, for proceedings after notice and before trial.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements; order to be entered granting motion below on payment of ten dollars costs of opposing same, and fifteen dollars costs to defendant Dessau, for proceedings after notice and before trial.